NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESMERALDA VARGAS, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 05-778 (JBS) |
| v. | |
| CAMDEN CITY BOARD OF EDUCATION and ANNETTE S. KNOX, Individually, and as the Superintendent of the Camden City Board of Education, | **OPINION** |
| Defendants. | |

APPEARANCES:

Kathleen M. Dalcortivo, Esq.
STERNS & WEINROTH, P.C.
50 West State Street
Suite 1400
P.O. 1298
Trenton, NJ 08607
     Attorney for Plaintiff

Richard L. Goldstein, Esq.
Matthew J. Behr, Esq.
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, P.A.
Woodland Falls Corporate Park
200 Lake Drive East
Suite 300
Cherry Hill, NJ 08002
     Attorney for Defendant, Camden City Board of Education

Linda A. Olsen, Esq.
RONAN, TUZZIO & GIANNONE, P.C.
One Hovchild Plaza
4000 Route 66
Tinton Falls, NJ 07753
     Attorney for Defendant, Annette S. Knox

**SIMANDLE,** District Judge:

Plaintiff, Esmeralda Vargas, brought this cause of action under 42 U.S.C. §§ 1981 and 2003 and New Jersey law in connection with events that took place during her employment, and related to her subsequent termination, as an Assistant Superintendent for the Camden School District.  Before the Court are two motions for partial summary judgment pursuant to Rule 56(c), Fed. R. Civ. P., - one brought by defendant Camden City Board of Education (the "Board") and the other brought by defendant Annette S. Knox ("Knox").[1]  The principal issue is whether Plaintiff has substantially complied with the requirements for notice under the New Jersey Tort Claims Act, N.J.S.A. 59:8-4.  Because the two motions involve nearly identical issues, the Court will address them together in this Opinion.  For the reasons expressed below: (1) defendant Board's motion will be granted in part and denied in part and (2) defendant Knox's motions will be denied.

I.  **BACKGROUND**

Plaintiff Esmeralda Vargas ("Plaintiff") served as Assistant Superintendent for the Camden School District from January 1, 2003 through June 30, 2004.  Defendants are the Camden City Board of Education and Annette Knox, the Superintendent of the Camden City Board of Education.  In her amended complaint (the "Amended

---

[1]  The Board and Knox will be referred to collectively as the "Defendants."

2

Complaint"), Plaintiff alleges that Defendants subjected her "to racially discriminatory and other unlawful conduct during her employment with the Camden City Board of Education" and, ultimately, wrongfully terminated her. (Amended Complaint ¶ 5.) The Complaint alleges nine counts, but Defendants' respective motions pertain only to Count Three (Intentional Infliction of Emotional Distress, Amended Compl. ¶¶ 74-76), Count Four (Negligent Infliction of Emotional Distress, Amended Compl. ¶¶ 77-79), and Count Seven (Breach of Implied Covenant of Good Faith and Fair Dealing, Amended Compl. ¶¶ 85-87). Counts Three, Four and Seven were brought against both Defendants.[2]

In December 2002, Plaintiff accepted a position as an Assistant Superintendent for the Camden School District. (Id. ¶ 9-13.) After working for the Camden School District for nearly a year, in December 2003, Plaintiff filed a complaint of discrimination with the New Jersey Division of Civil Rights. (Id. ¶ 53.) On February 3, 2004, Plaintiff received a letter of termination from the Camden City Board of Education, citing poor performance and administration and informing her that recently the Board had voted to terminate her. (Id. ¶ 61.) Later that

---

[2] The Amended Complaint alleges numerous facts relevant to Plaintiff's underlying claims of discrimination, assault and other unlawful conduct on the part of both Knox and the Board. As those facts are not relevant to the two motions for partial summary judgment currently before the Court, the facts will not be discussed and only the facts relevant to the pending motions will be summarized here.

month, on February 26, 2004, Plaintiff received a letter from Assistant Superintendent Dr. Fred Reiss advising her that then-Governor James McGreevey had vetoed the Board's action of January 29, 2004 terminating her employment and that she should report to work on March 1, 2004.[3] (Id. ¶ 62.)

After receiving notice of termination in early February of 2004, Plaintiff retained counsel and on March 17, 2004, Plaintiff's counsel met with representatives of the Board to discuss Plaintiff's claims and a potential settlement. (Pl.'s Response to Defendant Board's Statement of Undisputed Facts ("Pl.'s Response") ¶ 9.) On March 19, 2004, Plaintiff's counsel sent a letter to counsel for the Board (1) setting out the terms of Plaintiff's proposed settlement (both monetary and non-monetary terms), (2) informing the Board that acceptance of the settlement terms would "resolve all claims that [Plaintiff] is pursuing, and/or intends to pursue including discrimination, retaliation and libel charges, as well as the [Division of Civil Rights] complaint," and (3) inviting additional discussion between the parties. (Pl.'s Opp. Br. at Ex. A.) The letter was sent to Karen A. Murray, Esq. and copied to Harvey Johnson, Esq. (attorneys for the Board). (Id.; Pl.'s Opp. Br. at Ex. B.)

The Board of Education held a meeting on March 29, 2004

---

[3] In 2004 and at the time the Amended Complaint was filed, Defendant Camden City Board of Education was under the fiscal oversight of the State of New Jersey. (Amended Compl. ¶ 4.)

(called by Knox) during which the Board voted affirmatively to place Plaintiff on administrative leave for the remainder of the year and not to renew her contract the following year. (Amended Compl. ¶ 63.) According to the Board vote, Plaintiff's last day would be June 30, 2004. (Pl.'s Response ¶ 8.) On March 30, 2004, the Board also notified Plaintiff that it had rejected her settlement proposal made on March 19. (Id. ¶ 9.) On August 24, 2004, Plaintiff's counsel again wrote to counsel for the Board, revising her settlement proposal and advising that the new settlement would remain open "pending the filing of the anticipated litigation in this matter." (Pl.'s Opp. Br. at Ex. C.)

On February 9, 2005, Plaintiff filed the Amended Complaint against the Board and Knox (individually and as the Superintendent of the Camden City Board of Education) with the Superior Court of New Jersey, Law Division. On that same day, the Board filed a Notice of Removal based on the federal causes of action asserted by Plaintiff. On July 7, 2005, the Board filed a motion for partial summary judgment with this Court seeking dismissal of the counts alleging intentional infliction of emotional distress, negligent infliction of emotional distress, and breach of an implied covenant of good faith and fair dealing. Plaintiff filed opposition to which the Board timely replied. On August 5, 2005, Defendant Knox filed what is

captioned a "cross-motion" for partial summary judgment, which mirrored the Board's motion seeking dismissal of the same three counts.  Plaintiff  filed a letter in opposition (essentially relying on the opposition papers filed in response to the Board's motion) and Knox did not reply.  No oral argument was held with respect to either motion.  See Fed. R. Civ. P. 78.

**II. DISCUSSION**

> **A.    Summary Judgment Standard of Review**

Defendants individually filed motions for partial summary judgment pursuant to Rule 56 of the Fed. Civ. P.  Under Rule 56(c), "summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. V. Catrett, 477 U.S. 317, 322 (1986)(citations omitted).  In deciding whether a disputed issue of material fact exists, the Court must view the facts asserted by the non-moving party in the light most favorable to that party.  See Aman v. Cort Furniture Corp. 85 F.3d 1074, 1080-81 (3d Cir. 1996).  However, a non-moving party may not rest upon mere allegations, general denials, or vague statements.  See Bixler v. Central Penn. Teamsters Health and Welfare Fund, 12 F.3d 1292, 1302 (3d Cir. 1993).  To avoid summary judgment, the nonmoving party must produce more than a

"mere scintilla" of evidence to demonstrate a genuine issue of material fact.  Big Apple BMW, Inc. v. BMW of North Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

**B.   Preliminary Matters**

In her opposition papers in response to the Board's motion, Plaintiff concedes that the Board, as a public entity, is immune from liability for Plaintiff's claim of intentional infliction of emotional distress.  (Pl. Br. at 3, n. 2.)  Therefore, Defendant Board's motion for summary judgment on the claim of intentional infliction of emotional distress against the Board is granted and Count Three will be dismissed as to the Board.

**C.   Notice Under the New Jersey Tort Claims Act**

In their moving papers, both the Board and Knox argue that they are entitled to summary judgment because Plaintiff has failed to comply with the notice requirements of the New Jersey Tort Claims Act (the "TCA").[4]  (Board's Br. at 2-3; Knox's Br. at 1-2.)  The Defendants contend that Plaintiff's claim accrued on June 30, 2004, the Plaintiff's last day of employment with the Board, and that as of the date of their motion for partial summary judgment (July 7, 2005), Plaintiff has yet to file the requisite notice under the TCA.  (Board's Br. at 3; Knox's Br. at

---

[4]  Plaintiff's agree that her claim of negligent infliction of emotional distress comes under the purview of the TCA. However, Plaintiff's dispute that Plaintiff's breach of the covenant of good faith and fair dealing claim comes under the TCA, as discussed in Section II.D, infra.

1.)  Because Plaintiff has failed to file the TCA notice, the
Defendants argue that Plaintiff is barred from bringing claims
such as those under Counts Three, Four and Seven.  Plaintiff
replies that, while she may not have strictly complied with the
notice requirements of the TCA, she did provide the Board and
Knox with timely written notice of her claim, and thus, has
substantially complied with the TCA notice requirement.  (Pl.'s
Opp. Br. to Board's Motion at 3-4; Pl.'s Opp. Br. to Knox's
Motion at 2.)  Further, Plaintiff argues that, even if she failed
to substantially comply with the TCA's notice requirement, by
engaging in settlement discussions with Plaintiff, the Board is
equitably estopped from claiming that Plaintiff did not have
proper notice under the TCA.  (Id. at 5-6.)  Plaintiff argues
that Knox, as Superintendent of the Camden City Board of
Education had actual knowledge of Plaintiff's claim and therefore
is equitably estopped from utilizing the defense that Plaintiff
failed to provide her with the required notice under the TCA.

> **1.**   **Plaintiff has substantially complied with the
> notice requirement of the TCA with respect to
> providing notice to the Board**

Under the TCA, parties bringing suit against a public entity
"must comply with strict requirements for notifying and suing the
entities." Feinberg v. State, DEP, 137 N.J. 126, 134 (1994.)  In
particular, the TCA states that:

> No action shall be brought against a public entity or
> public employee under this act unless the claim upon
> which it is based shall have been presented in
> accordance with the procedures set forth in this

8

chapter.

N.J.S.A 59:8-3 (1994).  Specifically, under N.J.S.A. 59:8-4, such

a notice must contain the following:

>    a. The name and post office address of the claimant;

>    b. The post-office address to which the person presenting
>    the claim desires notices to be sent;

>    c. The date, place and other circumstances of the occurrence
>    or transaction which gave rise to the claim asserted;

>    d. A general description of the injury, damage or loss
>    incurred so far as it may be known at the time of
>    presentation of the claim;

>    e. The name or names or the public entity, employee or
>    employees causing the injury, damage or loss, if known; and

>    f. The amount claimed as of the date of presentation of the
>    claim, including the estimated amount of any prospective
>    injury damage, or loss, insofar as it may be known at
>    the time of the presentation of the claim, together with
>    the basis of computation of the amount claimed.

N.J.S.A. 59:8-4; see Johnson v. Does, 950 F. Supp. 632, 634

(D.N.J. 1997).  Failure to timely provide a claim to the public

entity may result in a claimant's claim being forever barred.

Specifically, N.J.S.A. 59:8-8 states:

>    A claim relating to a cause of action for death or for
>    injury or damage to person or to property shall be
>    presented as provided in this chapter not later than
>    the ninetieth day after accrual of the cause of action.
>    After the expiration of six months from the date notice
>    of claim is received, the claimant may file suit in an
>    appropriate court of law. The claimant shall be forever
>    barred from recovering against a public entity or
>    public employee if:

a. He failed to file his claim with the public
entity within 90 days of accrual of his claim....

N.J.S.A. 59:8-8 (1994).  The purpose of the claims notification requirement is two-fold: (1) to allow the public entity at least six months for administrative review with the opportunity to settle meritorious claims prior to the bringing of suit; and (2) to provide the public entity with prompt notification of the claim in order to adequately investigate the facts and prepare a defense.  See Newberry v. Township of Pemberton, 319 N.J. Super. 671 (App. Div. 1999); Reale v. Wayne Township, 132 N.J. Super. 100, 112 (Law Div. 1975); see also Beauchamp v. Amedio, 164 N.J. 111 (2000).

New Jersey courts have long recognized that substantial compliance with N.J.S.A. 59:8-4 is sufficient to satisfy the TCA's notice requirement.  Dambro v. Union County Park Comm'n, 130 N.J. Super. 450 (Law Div. 1974); Lameiro v. West New York Bd. of Educ., 136 N.J. Super. 585, 587 (Law Div. 1975).  "Substantial compliance" means that "all of the required information has been given to those to whom the notice should be given and that it has been given in a form which should alert the recipient to the fact that a claim is being asserted" against the public entity. Lameiro, 136 N.J. Super. at 587.  Moreover, substantial compliance means that "notice has been given in such a way, which though technically defective, substantially satisfies the purpose

10

for which notices of claims are required."   Id.

There is extensive case law in New Jersey regarding what passes for "substantial compliance" of the TCA's notice requirement.  For example, the New Jersey Superior Court found substantial compliance in D'Eustachio v. City of Beverly, 177 N.J. Super. 566, 570 (Law Div. 1979), where the plaintiff wrote a detailed letter to the chief of the fire department (the department was the defendant) informing the chief that plaintiff's fields were flooded, his horses injured and one of his foal's died as a result of the fire department's recent drill that took place next to plaintiff's property.  The New Jersey Superior Court also found substantial compliance in Dambro, 130 N.J. at 456, where two days after plaintiff broke his neck while swimming at a county park, plaintiff's attorney wrote a letter to the town police department (1) advising them of his representation of plaintiff, (2) that plaintiff suffered certain injuries in connection with the accident and (3) informed the police of the date, time and location of the accident (including information about what hospital plaintiff was taken to after his injuries).  In Guerro v. City of Newark, 216 N.J. Super 66 (App. Div. 1987), plaintiff, who was injured when a sanitation truck collided with his vehicle, substantially complied with the TCA notice requirement when plaintiff's attorney sent the city/defendant a letter providing the city with (1) the name and

address of plaintiff, (2) the name of plaintiff's counsel, (3) the date, time, place and alleged cause of car accident, and (4) the fact that plaintiff suffered personal injuries (and that the extent of damages was unknown).

There are also numerous examples where New Jersey courts have held that a plaintiff's notice failed to substantially comply with the TCA's notice requirement. For example, in Lameiro, 136 N.J. Super. at 587, the notice of plaintiff (whose child had been pushed down a flight of stairs in a city school) failed to substantially comply with the notice requirement when plaintiff's counsel merely sent a letter to the principal of his child's school asking for the name of student who pushed plaintiff's child. Further, plaintiff-auto accident victim's notice failed even though plaintiff filed the requisite TCA form within 90 days after the accident, because in response to a public entity-specific questionnaire, plaintiff answered the majority of the questions with "unknown" or "to be provided." Navarro v. Rodriguez, 202 N.J. Super. 520, 528 (Law Div. 1984).[5]

Here, the Court finds that the letter of March 19, 2004 substantially complied with the TCA's notice requirement under

---

[5] The Court rejected plaintiff's notice despite fact that plaintiff provided information such as (1) the intersection where auto accident occurred and (2) the fact that a traffic light malfunction caused the accident.  See Navarro, 202 N.J. Super. at 528.

N.J.S.A. 59:8-4 and therefore served to provide notice, at least
to the Board, of Plaintiff's claims.[6]  (Pl.'s Opp. Br. at Ex. A.)
First, the letter was sent to the proper party - counsel for the
Board.  (Pl.'s Opp. Br. at Ex. A.)  Second, the letter contained
most of the elements required under N.J.S.A. 59:8-4 as (1) the
letter identified Plaintiff's counsel (satisfying N.J.S.A. 59:8-
4(b)); (2) identified the fact that Plaintiff's claim is directed
against "the Camden School Board" (satisfying N.J.S.A. 59:8-
4(e)); the letter stated that Plaintiff's claims against
Defendants "includ[e] discrimination, retaliation and libel
charges, as well as the [Division of Civil Rights] complaint"
(satisfies the requirements of N.J.S.A. 59:8-4(b) and (d)).  The
letter also included a settlement offer summarizing what
Plaintiff considers her damages (monetary damages, benefits and

---

[6] The Court finds that a closer question exists as to
whether Plaintiff's March 19 letter substantially complied with
the TCA's notice requirement with respect to Knox (in her
capacity as the Superintendent of the Board).  Plaintiff's March
19 letter mentioned the actions of Knox (specifically, that she
engaged in "improper conduct") but also referenced that the
dispute was between Plaintiff "and the Camden School Board" with
no mention of Knox as a party to the dispute.  (Pl.'s Opp. Br. at
Ex. A.)  Because in Section II.C, infra, the Court holds that
Knox is equitably estopped from raising the defense that
Plaintiff failed to file proper notice under the TCA, the Court
need not address whether Plaintiff's March 19, 2004 letter
substantially complied with the TCA's notice requirement with
respect to Knox because under the doctrine of equitable estoppel,
Knox is precluded from raising the lack of notice under the TCA
as a defense.

13

other benefits) in satisfaction of N.J.S.A. 59:8-4(f).[7]

Third, the letter was sent to the Board in a timely fashion, within 90 days of the date Plaintiff was wrongful terminated from her position as Assistant Superintendent.[8] (Amended Compl. ¶ 61.) Thus, while Plaintiff was "technically deficient" in the notice she provided the Board, the March 19, 2004 letter served the same purpose as the notice requirement under the TCA (as it provided the Board with sufficient time to consider settlement of a meritorious claim, adequately investigate the claims, and prepare a defense) and is in line with previous case law where New Jersey courts have held notices met the standards for substantial compliance. See e.g., D'Eustachio, 177 N.J. Super. at 570; Dambro, 130 N.J. at 456.

In its reply brief, the Board argues that, since Plaintiff is bringing an action in negligence (negligent infliction of emotional distress), Plaintiff's correspondence - which did not mention a negligence claim - does not substantially comply with the TCA's notice requirement because the Board was never notified of Plaintiff's intent to bring a negligence claim. (Pl.'s Reply

---

[7] Because Plaintiff was an employee of the Board, there was no need for the March 19 letter to include her name and address, as required in N.J.S.A. 59:8-4(a) as certainly Defendants already knew her name and address.

[8] The accrual date of a cause of action is at the time a plaintiff knows or should have known that "his injury was caused by the fault of another." Rolax v. Whitman, 175 F. Supp. 2d 720, 727 (D.N.J. 2001).

Br. at 2-4.)  The Court finds this argument unpersuasive.  The
Board has failed to direct the Court to any case law (and indeed,
the Court's own research fails to find any legal precedent)
supporting the Board's position that a plaintiff must provide
this amount of specificity in a TCA notice.  Rather, N.J.S.A.
59:8-4(d) requires only that a plaintiff provide the public
entity with "a <u>general</u> <u>description</u> of injury, damages and
losses," not the legal theories that a claimant will use in his
attempt to recover for such injuries, damages and losses.
N.J.S.A. 59:8-4(d)(emphasis added).  Furthermore, Plaintiff's
letter of March 19, 2004 does not rule out that she would later
bring a negligence claim as the letter states that Plaintiff's
claims "includ[e] discrimination, retaliation and libel charges,
as well as the [Division of Civil Rights] complaint."  (Pl.'s
Opp. Br. at Ex. A)(emphasis added).  Such language suggests that
Plaintiff was leaving the door open to include additional claims
in the Complaint she would eventually file.

Thus, this Court finds that Plaintiff has substantially
complied with the notice requirements of the TCA as to the Board.
As such, the Court will deny the Board's motion for partial
summary judgment as to Counts Four and Seven.

### 2.  Both the Board and Knox are equitably estopped from claiming lack of notice as a defense

The Court also finds grounds to deny both the Board's and
Knox's motions for partial summary judgment as both the Board and

15

Knox are estopped from claiming they did not have proper notice under the TCA.  "The doctrine of equitable estoppel has been held to be a bar to notice of claim defenses under [the TCA] in varying circumstances."  Murray v. Brown, 259 N.J. Super. 360, 363 (Law Div. 1991).  Further, a public entity will be estopped from asserting noncompliance with the notice provision of the [TCA] "where the interests of justice, morality and common fairness dictate that course."  Hill v. Middletown Bd. of Educ., 183 N.J. Super. 36, 40 (App. Div. 1982); see Navarro, 202 N.J. Super. at 531.  Moreover, New Jersey law provides that:

> The interests of justice and fairness require that the claimant be promptly advised of the deficiencies and that failure to cure will result in rejection of the claim by the entity and a possible loss of the right to maintain a civil action.

Murray, 259 N.J. Super. at 365.  Indeed, the TCA's notice requirement is "not intended to serve as a trap for the unwary...."  Id.; Lowe v. Zarghami, 158 N.J. 606 (1999).  Rather,

> The primary purpose of these provisions was to enable the public entity to better protect itself by prompt investigation of a claim, if it desired to do so...[and] to provide time prior to suit for amicable resolution of the claim.  Nothing in the [TCA, however] evidences an intent that upon receipt of an inadequate notice of claim a governmental entity should feel free to ignore the claimant in the hope that within a short time it might be able to sue a technical cavil to avoid fair litigation.

Murray, 259 N.J. Super. at 365; see also Anske v. Borough of Palisades Park, 139 N.J. Super. 342, 348 (App. Div. 1976).

In the present case, the interests of justice dictate that the Board and Knox be estopped from claiming inadequate notice on the part of Plaintiff.  The March 19, 2004 and August 24, 2004 letters submitted in Plaintiff's opposition papers indicate that Plaintiff and the Board had at least two settlement conferences within a six month period with the later of the two occurring approximately four months before Plaintiff filed this suit. (Pl.'s Opp. Br. at Ex. A and C.) Plaintiff's March 19 letter specifically states that Ms. Knox's actions towards Plaintiff constituted "improper conduct."  This, combined with the fact that Knox was the Superintendent of the Board leads the Court to conclude that Knox also had actual knowledge of Plaintiff's claim and Knox's role in it.  After both conferences, Plaintiff's counsel followed up with a letter summarizing Plaintiff's settlement position.  (Id.)  At no time after either of the meetings did the Board or Knox indicate that they were dissatisfied with the lack of notice under the TCA or indicate that they were not fully aware of the details surrounding Plaintiff's claims.  Rather, more than one year after the first settlement conference in this matter, the Defendants raise the defense of lack of sufficient TCA notice in their respective motions for partial summary judgment.  It is not fair for the Defendants to raise this technical defense at this late date having participated in two settlement conferences and having

17

failed to mention any deficiencies in Plaintiff's notice of her claims (by way of Plaintiff's counsel's March 19, 2004 letter.)

Moreover, neither the Board nor Knox has presented any evidence to suggest that they have been prejudiced by the lack of Plaintiff filing a formal TCA notice.  To the contrary, it appears as if the Defendants have had ample time to assess the merits of Plaintiff's case and discuss settlement and to prepare a defense.  Finally, if this Court concluded that Plaintiff's notice was deficient, Plaintiff's negligent infliction of emotional distress claim against the Board and intentional infliction of emotional distress and negligent infliction of emotional distress claims against Knox (and a possible breach of covenant claim against both Defendants, <u>see</u> Section II.D., <u>infra</u>) would be forever barred.  Certainly, barring these claims because of a technical deficiency on the part of Plaintiff that had no prejudicial effect on the Defendants would not serve the ends of justice.

D.   **Plaintiff's Breach of Covenant Claim**

Defendants also argue that Count Seven (breach of the covenant of good faith and fair dealing) should be dismissed along with Plaintiff's negligent infliction of emotional distress and intentional infliction of emotional distress claims due to Plaintiff's failure to file a timely notice under the TCA.  The Defendants' argument would have this Court find that a claim for

18

the breach of the covenant of good faith and fair dealing is a
claim in tort, rather than in contract and therefore, falls under
the purview of the TCA.  Although the Court doubts that
Defendants' argument has any merit, particularly in light of the
New Jersey Appellate Division's decision in Noye v. Hoffman-La
Roche, this Court need not address this issue, having already
concluded that Plaintiff has substantially complied with its
notice under the TCA (in the case of the Board) and/or the Board
and Knox are equitably estopped from raising this defense.  See
238 N.J. Super. 430, 435 (App. Div. 1990)("We conclude that tort
damages do not lie for breach of an implied covenant of good
faith and fair dealing in an employment contract.")

## III. CONCLUSION

       For the reasons expressed above, this Court will grant
Defendant Board's motion for partial summary judgment in part and
deny it in part.  Specifically, the Court will grant the Board's
motion for summary judgment on Count Three of the Amended
Complaint (intentional infliction of emotional distress) and deny
the Board's motion regarding Counts Four and Seven of the Amended
Complaint.  This Court will deny Defendant Knox's motion for
partial summary judgment on all issues.  The accompanying Order
is entered.


**March 28, 2006**                        **s/ Jerome B. Simandle**
Date                                      JEROME B. SIMANDLE
                                          United States District Judge